### (July 15, 1971)

■    In the Matter of M. ROBERT SASLAW et al., Constituting the Board of Education of the Union Free School District No. 2 (Spackenkill) of the Town of Poughkeepsie, Petitioners, v. BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial

Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of a Committee of the Board of Regents wherein, pursuant to section 314 of the Education Law, said committee affirmed the denial by the Commissioner of Education of petitioners' application for a change in the State Plan for School District Reorganization. The committee's order was issued on September 5, 1969. As far back as 1947 it was recommended by a master plan for school district reorganization in New York State that there be a merger of the Union Free School District No. 2 of the Town of Poughkeepsie, (hereinafter referred to Spackenkill) and the City School District of the City of Poughkeepsie (hereinafter referred to as Poughkeepsie). This attitude was reaffirmed in 1958 by a revised " State Plan ". During this period Spackenkill had no Senior High School (grades 10–12), but sent its high school students to Poughkeepsie on a contract tuition payment basis. The present proceeding is the third special proceeding relating to Spackenkill and its educational problems. (See *Matter of Carter* v. *Allen*, 31 A D 2d 774, affd. 25 N Y 2d 7; *Matter of Saslaw* v. *Nyquist*, 35 A D 2d 475.) As a result of the *Carter* case Spackenkill is now constructing its own G10–12 Senior High School and the *Saslaw* case determined it was to be built without State building aid funds. In 1965 the Legislature prohibited payment of State aid to these " incomplete " school districts which had not maintained full K-12 operations for five years prior to July 1, 1968. The statute also authorized a review proceeding by which districts intending to substitute another plan for the State Plan could ask for a hearing to test the superiority of the State Plan. Prior to such a hearing the State had to formally reaffirm the existing plan or announce a change. In the instant case it reaffirmed the existing plan. A hearing was held and the Commissioner's reaffirmation was upheld on the ground that petitioner had failed to meet the burden of establishing that the proposed changes assured equally efficient and economical educational facilities to the areas affected. (Education Law, § 314, subd. 3.) In this proceeding we must determine whether the decision is supported by substantial evidence (Education Law, § 314, subds. 3, 4; CPLR 7803, subd. [4]). If it is we must not disturb it (*Matter of Union Free School Dist. No. 7* v. *Allen*, 29 A D 2d 608, mot. for lv. to app. den. 21 N Y 2d 644). An examination of the entire record compels us to conclude that there is substantial evidence to substantiate the determination of the Committee of Regents. The record demonstrates that petitioner devoted its effort to establishing that Spackenkill has and will have a superior school system. It made no study of the Poughkeepsie system and consequently was unable to judge the effect of withdrawing some 400 high school students from Poughkeepsie. The proof in opposition established that such a change would have a deleterious effect on the Poughkeepsie program. Further support for the State Plan was the proof that a larger school district offers a greater variety in courses. It is the educational systems of both districts with which the Regents must concern itself and not just one. Determination confirmed and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.